UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RUSSELL PUBLISHING GROUP, LTD.
and JANE RUSSELL,

                    Plaintiffs,

        - against -

BROWN PRINTING COMPANY,

                    Defendant.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/21/14

MEMORANDUM OPINION
AND ORDER

13 Civ. 5193 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.    INTRODUCTION

        In an Opinion and Order on April 3, 2014 ("April 3 Order"), I granted

Brown Printing Company's ("Brown") motion to dismiss for failure to state a

claim.[1]  Plaintiffs now move for reconsideration of the April 3 Order under Local

Rule 6.3.[2]  For the reasons set forth below, plaintiffs' motion is denied.

II.    MOTION FOR RECONSIDERATION STANDARD

_____

    [1]    *See Russell Pub. Grp. v. Brown Printing Co.*, No. 13 Civ. 5193, 2014
WL 1329144 (S.D.N.Y. Apr. 3, 2014).  I dismissed plaintiffs' claims for (1) breach
of the covenant of good faith; (2) fraud; (3) breach of fiduciary duty; and (4)
conversion.  Brown did not move to dismiss plaintiffs' breach of contract claim.

    [2]    *See* Plaintiffs' Moving Brief ("Pl. Mem.").

-1-

"The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[3] Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."[4] Typical grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."[5]

## III.   DISCUSSION

Plaintiffs have not pointed to any new or overlooked facts, intervening changes in law, or the possibility of manifest injustice. Instead, plaintiffs' motion

---

[3]     *Hochstadt v. New York State Educ. Dept.*, 547 Fed. App'x 9, 10 (2d Cir. 2013) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

[4]     *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05 Civ. 3430, 05 Civ. 4759, & 05 Civ. 4760, 2006 WL 1423785, at *1 (2d Cir. 2006).

[5]     *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citing *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

rehashes arguments that I considered and rejected in the April 3 Order. To the extent I did not fully explain why those arguments lack merit, I will do so now.

*First*, plaintiffs contend that the Court overlooked the fact that Jane Russell allegedly *operated* Russell Publishing Group, Ltd. ("RPG") as a "sole proprietorship" and "adopted the contract" with Brown after her husband's death.[6] Here, plaintiffs' own public filings with the Texas Secretary of State directly contradict the claim that RPG *is* a "sole proprietorship." The records on the Texas Secretary of State's website show that as of October 15, 2013 — one day after plaintiffs filed their Amended Complaint — RPG remained a limited partnership.[7] As a result, Russell lacks standing to sue in her individual capacity.[8]

*Second*, plaintiffs argue that the Court overlooked facts and law when it dismissed the fraud claim. Plaintiffs reiterate the same facts previously before

---

[6]     Pl. Mem. at 1. I note that the method in which RPG was "operated" does not affect its status as a limited partnership.

[7]     Plaintiffs do not dispute that they made this filing on July 6, 2013, six days before they filed their initial complaint. I take judicial notice of these records. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (holding that district courts may take judicial notice of the contents of certain public records); *Rothstein v. GMAC Mortg., LLC*, No. 12 Civ. 3412, 2013 WL 5437648, at *2 (S.D.N.Y. Sept. 30, 2013) ("The Court may also take judicial notice of filings with government agencies that are a matter of public record.").

[8]     *See Handelsman v. Bedford Village Assocs. L.P.*, 213 F.3d 48, 54 (2d Cir. 2000).

the Court — *e.g.*, that the monthly bills contained billing errors in Brown's favor, that Brown refused to disclose what it was paying for paper, and that Brown changed its print jobs to increase plaintiffs' costs artificially.[9] But none of these allegations establish Brown's wrongful intent. It is undisputed that Brown made a good faith effort to correct any billing errors.[10]

Similarly, plaintiffs again argue that they are permitted to bring a fraud claim parallel to their contract claim.[11] *First*, plaintiffs point to the same New York Appellate Division cases that I have already considered and distinguished.[12] The Second Circuit case they now cite — *Merrill Lynch & Co. v. Allegheny Energy, Inc.*[13] — is also distinguishable. In *Merrill Lynch*, Allegheny alleged that Merrill Lynch provided false financial information to induce Allegheny to make an acquisition.[14] The Second Circuit held that the false financial information constituted a misstatement of present fact separate and apart

---

[9]     *See* Pl. Mem. at 2.

[10]     Brown offered plaintiffs a credit of over $70,000 to compensate for the billing errors, but plaintiffs rejected it. *See* Amended Complaint ¶ 29.

[11]     *See* Pl. Mem. at 4-6.

[12]     *See id.* at 7-10.

[13]     500 F.3d 171, 183 (2d Cir. 2007).

[14]     *See id.*, 500 F.3d at 184-85.

from the purchase agreement, and, therefore, Allegheny could bring a claim for fraudulent inducement.[15]  There is no allegation here that the purported billing errors were made to induce plaintiffs to take any action.

In addition, plaintiffs have failed to identify any overlooked facts or law demonstrating that Brown had any legal duty apart from its duty to perform under the contract.  Merely describing the parties' relationship as close or trusting is not sufficient to make it anything other than an ordinary, arms' length business relationship.  Furthermore, the fact that Brown "had superior knowledge" about printing is irrelevant.  Brown is a sophisticated professional printing company and RPG is a sophisticated professional publisher, who has contracted with printers in the past.  Brown had no reason to believe it owed RPG a duty of candor.[16]

*Third*, plaintiffs argue that the Court overlooked facts showing that Brown breached a fiduciary duty.[17]  But plaintiffs again cite only to advertising from Brown's website and an email from Brown's president offering to credit

---

[15]   *See id.* at 185.

[16]   *See Herzfeld v. JPMorgan Chase Bank, N.A.*, 354 Fed. App'x 488, 489 (2d Cir. 2009) ("[A] party has a duty to disclose information if it has made a partial or ambiguous statement that requires additional disclosure to avoid misleading the other party *only when* that party is aware that the other party is operating under a mistaken perception of a material fact.") (emphasis added).

[17]   *See* Pl. Mem. at 6-9.

plaintiffs' account.[18]  Such statements do not show any unique degree of

confidence or trust between the parties.  Nor have plaintiffs cited any case that

imposes a fiduciary duty where two parties engage in an arms-length business

transaction.[19]

       *Finally*, plaintiffs cite no facts or law to warrant reconsideration of

plaintiffs conversion claim.  Based on the contract, Brown could retain plaintiffs'

magazines if plaintiffs failed to pay any invoice.[20]  Regardless of whether plaintiffs

believed they were overcharged, they were contractually obligated to pay.[21]

Plaintiffs made no allegation that could support a claim for conversion.

## IV.   CONCLUSION

---

    [18]    *See id.* at 7-8.

    [19]    *See Christine Falls Corp. v. U.S. Bank Nat. Ass'n*, 546 Fed. App'x 13, 15 (2d Cir. 2013) ("Where the parties were either dealing at arm's length, thereby lacking a relationship of dominance and dependence, or the parties were not engaged in a relationship of special trust and confidence, a fiduciary duty does not exist.") (internal citations omitted).

    [20]    *See* Printing Agreement ¶¶ 5.3, 5.4.

    [21]    *See id.* ¶ 5.5 ("[I]f [RPG] shall dispute any item on any invoice, upon [RPG]'s notice thereof to Brown of the details and amounts of any such dispute, and *payment of all non-disputed portions of the invoice* in a timely manner, [Brown] shall continue to perform its obligations hereunder.  If such dispute is not resolved within 30 days of the notice of the dispute, *[RPG] agrees to pay the disputed amount in escrow* to [Brown] or a mutually acceptable third party . . . .") (emphasis added).

For the foregoing reasons, plaintiffs' motion for reconsideration is

DENIED. The Clerk of the Court is directed to close this motion [Docket No. 32].

A conference is scheduled for May 6, 2014 at 4:30 PM.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            April 21, 2014

-7-

## Appearances

**For Plaintiffs:**

Richard Pu, Esq.
Richard Pu, P.C.
120 E. 90th Street, 10c
New York, New York  10128
(212) 427-3665

**For Brown Printing Company:**

John Siegal, Esq.
Sammi Malek, Esq.
Stephen Langston Ball, Esq.
Baker & Hostetler LLP (NYC)
45 Rockefeller Plaza
New York City, New York  10111
(212) 589-4200